NO. 8166.

8166

NO. 8166.

WM. Brewer, et al.

Vs

New Orleans Land Co.

State of Louisiana

Court of Appeal

Parish of Orleans.

Dunkelspiel, J. takes no part.

Court of Appeal
PARISH OF ORLEANS

FILED JAN 2/22

H Stanshury

8166

OPINION.

By his Honor John St. Paul.

After examining the record we have no doubt whatever as to our having jurisdiction; and accordingly we must decline to certify that question to the Supreme Court.

I.

The case is simply this; Three several plaintiffs entered into what they term a _joint_ agreement, but which the documents annexed to the petition (and others on file) show to have been three _several_ agreements, by which defendant sold to said plaintiffs _severally_ three several portions of land; each paying severally the price of his own portion. To which portions of land (it is alleged) defendant had no title; whereupon the three purchasers, instead of filing three seperate suits (as they had the right to do) filed one joint suit, each claiming the return of the price paid by himself; towit, each claiming less than $2000, but the aggregate of their claims exceeding that sum.

II.

Consent cannot give jurisdiction _ratione materiae_; hence, several plaintiffs, each with a claim below the jurisdiction of a court, but having no necessary connection

256

with each other and no common cause of action, cannot by
joining their demands create a case within that jurisdiction;
nor can one plaintiff do so, by joining in one action
seperate claims, each below the jurisdiction of the court
but against several def.idants without necessary connection
between them.

Boulden vs Hughes, 8 Martin N. S. 285.

State vs Judge, 105 La 333

Tague vs Insurance Companies, 38 An 456

The fact is that plaintiffs have, in effect, simply
consolidated (by suing jointly) three suits which might,
or even should, have been filed seperately. And, "The
consolidation of suits, each of which is below the minimum
amount for appeal, does not confer appellate jurisdiction,
even though the aggregate of the demands exceeds the amount
necessary for appeal." See La. Digest, Vol 1 p. 285 (verbo,
Appeal; Section 58), and authorities there cited.

A certificate is therefore denied.

Dunkelspiel, J. takes no part